FILED

FEB 7 - 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TYRONE CRAWFORD,** )<br>Petitioner, )<br> )<br>v. ) Cr. No. 96-0018 (TFH)<br> )<br> )<br>**UNITED STATES OF AMERICA.** )<br> ) | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Tyrone Crawford's motion to have his criminal record expunged. Upon careful consideration of the motion, and the entire record herein, the Court will deny Petitioner's motion.

On May 8, 1996, Petitioner entered a plea of guilty to one count of Unlawful Use of a Communication Facility, in violation of 21 U.S.C. §§ 843(b). He was subsequently sentenced to twenty-four months incarceration for that offense, followed by one year of supervised release. Petitioner now asks the Court to expunge his criminal record in order to improve his employment prospects.

In support of his request for relief, Petitioner states that since his conviction and imprisonment in 1996, he has successfully completed his term of supervised release, and learned a trade as a Telecommunication Installation Technician. Petitioner states that his criminal record has impeded his ability to obtain employment.

The Court can find no basis for expunging Petitioner's criminal record. Petitioner has cited no statutory authority for expunging his conviction, and the Court is aware of none. See



Doe v. Webster, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction.").

Further, while it is well settled that this Court has inherent, equitable power to expunge arrest records, Petitioner has failed to make the showing required for the Court to exercise that power. See Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Webster, 606 F.2d at 1230. Before expunging an arrest record, the Court must find that, after examining the particular facts and circumstances of the case, the "remedy is necessary and appropriate in order to preserve basic legal rights." Livingston, 759 F.2d at 78.

"The general rule . . . is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." Webster, 606 F.2d at 1231. "[R]elief usually is granted only in 'extreme circumstances,'" the finding of which requires a "balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." United States v. Schnitzer, 567 F.2d 536, 539 (2nd Cir. 1977) (citations omitted). Here, Petitioner seeks expungement not only of his arrest record, but also of the record of his subsequent conviction.

In the instant case, the Court must balance the harm to Petitioner against the government's interest in maintaining the criminal record. While the Court credits Petitioner's assertion that his criminal record will have a chilling effect on his employment opportunities, this harm is insufficient to outweigh the government's interests in maintaining the records because Petitioner has provided no evidence that he was not properly arrested and convicted of the

offenses contained in his record. Because there are no unusual or exceptional circumstances alleged here, whether by way of governmental misconduct or otherwise, Plaintiff's case fails to meet the general test set forth in Livingston and Webster. See Webster, 606 F.2d at 1231.

Accordingly, the Court will deny Petitioner's motion. An appropriate Order will accompany this Memorandum Opinion.

February 3, 2006

Thomas F. Hogan
Chief Judge

Copies to:

United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530